# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| GEORGIACARRY.ORG, INC., | ) | |
| THE BAPTIST TABERNACLE OF | ) | |
| THOMASTON, GEORGIA, INC., | ) | |
| EDWARD STONE, and | ) | |
| JONATHAN WILKINS, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | 5:10-CV-302-CAR |
| | ) | |
| THE STATE OF GEORGIA, | ) | |
| UPSON COUNTY, GEORGIA, | ) | |
| GOV. SONNY PERDUE, in his | ) | |
| Official capacity as Governor of | ) | |
| The State of Georgia, and | ) | |
| KYLE HOOD, in his official capacity | ) | |
| As County Manager for Upson | ) | |
| County, Georgia | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

### I. INTRODUCTION

1. This action, under 42 U.S.C. § 1983, the Constitution of the United States, and state law principles, seeks a declaratory judgment that the Georgia statute

–1–

prohibiting carrying a firearm in a "place of worship" is unconstitutional on its face and as applied to Plaintiffs, together with an appropriate injunction.

## II. PARTIES

2. Plaintiff GeorgiaCarry.Org, Inc. ("GCO") is a non-profit corporation organized under the laws of the state of Georgia, whose mission is to foster the rights of its members to keep and bear arms.

3. Plaintiff Baptist Tabernacle of Thomaston, Georgia, Inc. (the "Tabernacle") is a non-profit corporation organized under the laws of the State of Georgia. The Tabernacle is a church, whose members meet regularly in a place that is a "place of worship" as that term is used by O.C.G.A. § 16-11-127. The Tabernacle is located in Upson County, Georgia.

4. Plaintiff Edward Stone ("Stone") is a citizen of Georgia and of the United States who resides in Coweta County, Georgia.

5. Plaintiff Jonathan Wilkins ("Wilkins") is a citizen of Georgia and of the United States who resides in Upson County, Georgia.

6. Stone is the former president of and a current board member of GCO, as well as a member of GCO.

7. Wilkins is the CEO of and a member of the Tabernacle.

8. Defendant State of Georgia is a sovereign state.

9. Defendant Upson County, Georgia is a county in the State of Georgia.

10. Defendant Sonny Perdue is the Governor of the State of Georgia.

11. Perdue is the chief executive officer of the State of Georgia and is responsible for executing the budget of the State of Georgia.

12. Defendant Kyle Hood is the Manager of Upson County, Georgia.

13. Hood is responsible for the day to day operations of Upson County and for executing the budget of Upson County.

## IV. FACTUAL BACKGROUND

14. On June 4, 2010, Governor Sonny Perdue signed into law 2010 Ga. Act 643 (Senate Bill 308), which, *inter alia,* repealed and recreated O.C.G.A. § 16-11-127.

15. The new O.C.G.A. § 16-1-127(b)(4) makes it a crime to carry a "weapon" or "long gun" in a "place of worship" (the "Carry Ban").

16. "Weapons" are defined by O.C.G.A. § 16-11-125.1(5) to mean certain knives and handguns.

17. Stone possesses a valid Georgia weapons carry license ("GWL") as that term is defined in O.C.G.A. § 16-11-125.1(6).

18. Stone attends religious services regularly in a "place of worship" and would like to carry a handgun in such place of worship for the protection of his family and himself, but he is in fear of arrest and prosecution under the Carry Ban.

19. Stone is a taxpayer to the State of Georgia.

20. In his capacity as a citizen and taxpayer, Stone does not wish to see any public funds used for the purpose of enforcing the Carry Ban.

21. GCO has other members that possess valid GWLs and that attend religious services regularly in "places of worship" that would like to carry handguns in such places of worship for the protection of their families and themselves, but they are in fear of arrest and prosecution under the Carry Ban.

22. GCO has other members that are citizens of and taxpayers to Upson County and the State of Georgia who do not wish to see public funds used for the purpose of enforcing the Carry Ban.

23. Wilkins possesses a valid GWL and is a member of GCO.

24. Wilkins is the pastor for the Tabernacle.

25. In his capacity as pastor, Wilkins is required to work many hours in the Tabernacle's main building, which is a "place of worship."

26. At times, Wilkins is the only person working in the Tabernacle's place of worship.

27. Wilkins also regularly attends worship services in the Tabernacle's place of worship.

28. Wilkins would like to carry a handgun while in the Tabernacle's place of worship for the protection of his flock, his family, and himself, but he is in fear of arrest and prosecution under the Carry Ban for doing so.

29. The Tabernacle would like to have members armed for the protection of its members attending worship services and other events at the Tabernacle's place of worship, but is in fear of arrest and prosecution of such members under the Carry Ban for doing so.

30. Wilkins is a taxpayer to Upson County and to the State of Georgia.

31. As a citizen and taxpayer, Wilkins does not wish for public funds to be used to enforce the Carry Ban.

32. The Tabernacle has other members possess valid GWLs and that are citizens and taxpayers of Upson County and the State of Georgia that do not wish for public funds to be used to enforce the Carry Ban.

33. Upson County operates a jail for booking arrestees and for detention of pretrial arrestees.

34. Upson County operates courts and has prosecutors for the prosecution of criminal cases.

35. The handgun is the quintessential self-defense weapon in the United States.

36. Under Senate Bill 308, people with GWLs are not prohibited from carrying firearms throughout the state, except for certain places listed in O.C.G.A. § 16-11-127(b).

37. The First Amendment, as applied to the states by the Fourteenth Amendment, says, "[The states] shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof…."

38. The Second Amendment, as applied to the states by the Fourteenth Amendment, says, in pertinent part, "[T]he right of the people to keep and bear arms shall not be infringed."

## Count 1 – Violations of First Amendment of the Constitution of the United States – Direct Action

39. The Carry Ban interferes with the free exercise of religion by Plaintiffs by prohibiting them from engaging in activities in a place of worship when those activities are generally permitted throughout the state.

40. Plaintiffs seek a declaration against all Defendants that the Carry Ban is unconstitutional on its face and as applied.

41. Plaintiff's further seek an injunction against all Defendants preventing them from enforcing the Carry Ban.

## Count 2 – Violations of the First Amendment of the Constitution of the United States – 42 U.S.C. § 1983

42. The Carry Ban interferes with the free exercise of religion by Plaintiffs by prohibiting them from engaging in activities in a place of worship when those activities are generally permitted throughout the state.

43. Plaintiffs seek a declaration against Defendants Perdue, Hood, and Upson County that the Carry Ban is unconstitutional on its face and as applied.

44. Plaintiffs further seek an injunction against Defendants Perdue, Hood, and Upson County preventing them from enforcing the Carry Ban.

## Count 3 – Violations of Second Amendment of the Constitution of the United States – Direct Action

45. The Carry Ban infringes on the rights of Plaintiffs to keep and bear arms, in violation of the Second Amendment, by prohibiting them from possessing weapons in places of worship.

46. Plaintiffs seek a declaration against all Defendants that the Carry Ban is unconstitutional on its face and as applied.

47. Plaintiffs further see an injunction against all Defendants preventing them from enforcing the Carry Ban.

## Count 4 – Violations of the Second Amendment of the Constitution of the United States – 42 U.S.C. § 1983

48. The Carry Ban infringes on the rights of Plaintiffs to keep and bear arms, in violation of the Second Amendment, by prohibiting them from possessing weapons in places of worship.

49. Plaintiffs seek a declaration against Defendants Perdue, Hood, and Upson County that the Carry Ban is unconstitutional on its face and as applied.

50. Plaintiffs further seek an injunction against Defendants Perdue, Hood, and Upson County preventing them from enforcing the Carry Ban.

## Count 5 – Use of Funds for Unconstitutional Purposes

51. Georgia law provides that a citizen or taxpayer may sue a state or local government or official to prevent use of public funds for unconstitutional purposes.

52. Using public funds to enforce the Carry Ban constitutes use of public funds for an unconstitutional purpose.

53. Plaintiffs seek a declaration against all Defendants that enforcement of the Carry Ban is unconstitutional.

54. Plaintiffs further seek an injunction against all Defendants preventing them from using public funds to enforce the Carry Ban.

## Prayer for Relief

Plaintiffs demand the following relief in addition to the relief requested for each Count:

55. Costs of bringing and maintaining this action, including reasonable attorney's fees.

56. Any other relief the Court deems proper.

JOHN R. MONROE,


\_\_\_/s/ John R. Monroe_____
John R. Monroe
Attorney at Law
9640 Coleman Road
Roswell, GA 30075
Telephone: (678) 362-7650
Facsimile: (770) 552-9318
john.monroe1@earthlink.net

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

      I certify that I filed the foregoing on August 19, 2010 using the ECF system,

which will automatically send a copy via email to:

Laura L. Lones
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, GA  30334-1300
llones@law.ga.gov

I further certify that I served the foregoing on August 19, 2010 via U.S. Mail upon:

J. Edward Trice, Jr.
Mallory & Trice, LLP
P.O. Drawer 832
Thomaston, Georgia 30286

                                              /s/ John R. Monroe
                                              John R. Monroe